IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

KENNETH D. BEVERLY, )
)
Plaintiff, )
)
v. ) Civil Action No. 3:10CV806–HEH
)
FEDERAL BUREAU )
OF INVESTIGATION, *et al.*, )
)
Defendants. )

## MEMORANDUM OPINION
(Dismissing § 1983 Action)

Plaintiff, a federal inmate proceeding *pro se* and *in forma pauperis*, brings this *Bivens*[1] action. The matter is before the Court for evaluation pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A.

### I. BACKGROUND

The Magistrate Judge made the following findings and recommendations:

**Preliminary Review**

This Court must dismiss any action filed by a prisoner if the Court determines the action (1) "is frivolous" or (2) "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2); *see* 28 U.S.C. § 1915A. The first standard includes claims based upon "'an indisputably meritless legal theory,'" or claims where the "'factual contentions are clearly baseless.'" *Clay v. Yates*, 809 F. Supp. 417, 427 (E.D. Va. 1992) (*quoting Neitzke v. Williams*, 490 U.S. 319, 327 (1989)). The second standard is the familiar standard for a motion to dismiss under Fed. R. Civ. P. 12(b)(6).

"A motion to dismiss under Rule 12(b)(6) tests the sufficiency of a complaint; importantly, it does not resolve contests surrounding the facts, the

---

[1] *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971).

merits of a claim, or the applicability of defenses." *Republican Party of N.C. v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992) (*citing* 5A Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1356 (1990)). In considering a motion to dismiss for failure to state a claim, a plaintiff's well-pleaded allegations are taken as true and the complaint is viewed in the light most favorable to the plaintiff. *Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993); *see also Martin*, 980 F.2d at 952. This principle applies only to factual allegations, however, and "a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950 (2009).

The Federal Rules of Civil Procedure "require[] only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (second alteration in original) (*quoting Conley v. Gibson*, 355 U.S. 41, 47 (1957)). Plaintiffs cannot satisfy this standard with complaints containing only "labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Id.* at 555 (citations omitted). Instead, a plaintiff must allege facts sufficient "to raise a right to relief above the speculative level," *id.* (citation omitted), stating a claim that is "plausible on its face," *id.* at 570, rather than merely "conceivable." *Id.* "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S. Ct. at 1949 (*citing Bell Atl. Corp.*, 550 U.S. at 556). Therefore, in order for a claim or complaint to survive dismissal for failure to state a claim, the plaintiff must "allege facts sufficient to state all the elements of [his or] her claim." *Bass v. E.I. Dupont de Nemours & Co.*, 324 F.3d 761, 765 (4th Cir. 2003) (*citing Dickson v. Microsoft Corp.*, 309 F.3d 193, 213 (4th Cir. 2002); *Iodice v. United States*, 289 F.3d 270, 281 (4th Cir. 2002)).

Lastly, while the Court liberally construes *pro se* complaints, *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978), it does not act as the inmate's advocate, *sua sponte* developing statutory and constitutional claims the inmate failed to clearly raise on the face of his complaint. *See Brock v. Carroll*, 107 F.3d 241, 243 (4th Cir. 1997) (Luttig, J., concurring); *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

**Summary of Claim**

Plaintiff's particularized complaint concerns allegations of malicious prosecution. Plaintiff's entire complaint follows:

1. <u>Malicious Prosecution</u>

    a.) Plaintiff was arrested and prosecuted for an alleged criminal fraud action, when in fact, over two and a half years prior to the criminal indictment, Plaintiff, had received a Civil Penalty for the very same acts and conduct that he had been thereafter, criminally indicted for.

    b.) Secondly, Plaintiff's business and personal assets were seized and a subsequent In Rem: Civil forfeiture action was initiated against Plaintiff, <u>**SEE**</u>: Civil Action **3:3-cv-93**. As a result, of Plaintiff's deprivation of his assets, he was not able to maintain his business operations. Seized monies also included monies from other business operations, of which Plaintiff was deprived of. Plaintiff, defaulted on payments of bills for venders and services, employee's and consultant wages, office rental payments and tax payments. Plaintiff, was damaged by the actions of Mr. Doug Johnson, OIG, and unknown Agents of the F.B.I.

    a. Plaintiff was deprived of the use of his personal and business records, property and assets by unknown agents of the Federal Bureau of Investigation.

    b. An In rem: action was initiated in late November 2003, that included forfeiture of personal and business monetary assets. The assets were held from the above date noted until December 2005, but was not returned to the Plaintiff. Plaintiff's personal and business records were also held and never returned. In rem action was dismissed in Dec 2005.

> (3) Plaintiffs, purported, alleged acts and conduct was published in various printed and electronic media, thus defaming and slandering his character and reputation. By unknown FBI agents.
>
> a. See: Richmond Times Newspaper
>
> b. See: "Google"

(Part. Compl. 1-2 (all errors in original).) Plaintiff seeks relief in the amount of $108,550.00 plus punitive damages.

## Analysis

The Court notes "that there is no such thing as a '§ 1983 malicious prosecution' claim." *Lambert v. Williams*, 223 F.3d 257, 262 (4th Cir. 2000) (*citing Brooks v. City of Winston-Salem*, 85 F.3d 178, 183 (4th Cir. 1996)). The action to which Plaintiff refers "is simply a claim founded on a Fourth Amendment seizure that incorporates elements of the analogous common law tort of malicious prosecution." *Id.* One of the common-law elements of malicious prosecution is "the requirement that the prior proceeding terminate favorably to the plaintiff." *Id.* (*citing Brooks*, 85 F.3d at 183); *see Snider v. Seung Lee*, 584 F.3d 193, 199 (4th Cir. 2009). Because Plaintiff has not alleged that his underlying prosecution was terminated in his favor, Plaintiff has not stated a claim for malicious prosecution. Accordingly, it is RECOMMENDED that Plaintiff's claim for malicious prosecution be DISMISSED.

Regarding Plaintiff's assertion that Defendants defamed and slandered him, Plaintiff's complaint fails to state a claim upon which relief can be granted. "[A] defamatory statement and a concomitant injury to reputation, by themselves, are insufficient to support a *Bivens* claim under the Fifth Amendment." *Sterne v. Thompson*, No. 1:05CV477, 2005 WL 2563179, at *4 (E.D. Va. Oct. 7, 2005) (*citing Siegert v. Gilley*, 500 U.S. 226, 234 (1991); *Paul v. Davis*, 424 U.S. 693, 705 (1976); *Tigrett v. Rectors & Visitors of Univ. of Va.*, 290 F.3d 620, 628-29 (4th Cir. 2002)). Plaintiff "must, at the very least, allege the loss of a constitutionally protected liberty or property interest." *Id.* (*citing Paul*, 424 U.S. at 711-12). He has not done so.[2] Plaintiff has only obliquely alleged damage to his reputation, which is not a constitutionally

---

[2] Plaintiff alleges that his business failed not because of Defendants' defamatory statements, but because they confiscated or otherwise deprived him of his assets.

protected interest. *Siegert*, 500 U.S. at 233 ("Defamation, by itself, is a tort actionable under the laws of most States, but not a constitutional deprivation."). Accordingly, it is RECOMMENDED that the action be DISMISSED.

(July 25, 2011 Report and Recommendation.) The Court advised Plaintiff that he could file objections or an amended complaint within fourteen (14) days after the entry of the Report and Recommendation. Plaintiff filed an amended complaint.

## II. STANDARD OF REVIEW

"The magistrate makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with this court." *Estrada v. Witkowski*, 816 F. Supp. 408, 410 (D.S.C. 1993) (citing *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976)). This Court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). "The filing of objections to a magistrate's report enables the district judge to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute." *Thomas v. Arn*, 474 U.S. 140, 147 (1985). In the absence of a specific written objection, this Court may adopt a magistrate judge's recommendation without conducting a *de novo* review. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 316 (4th Cir. 2005).

## III. PLAINTIFF'S AMENDED COMPLAINT

Plaintiff's Amended Complaint raises the following arguments:

1. Federal and state agents falsely arrested and falsely imprisoned Plaintiff.

2. The Defendants neglected to research various statutory and regulatory provisions.

3. The Defendants violated Plaintiff's Fourth Amendment[3] right to be free from unreasonable searches and seizures.

4. Defendants caused Plaintiff to lose his property and liberty.

5. Defendants committed and suborned perjury.

6. Defendants colluded with Plaintiff's attorney to hide the attorney's impending suspension of his license to practice law and conflicts of interest.

7. Defendants withheld exculpatory and otherwise discoverable evidence from Plaintiff.

Plaintiff submitted these arguments devoid of additional factual support.

## IV. CONCLUSION

Plaintiff's Amended Complaint consists entirely of the sort of "labels and conclusions" which fail to satisfy Federal Rule of Civil Procedure 8(a). *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Plaintiff neglected to "allege facts sufficient to state all the elements of [his] claim[s]." *Bass v. E.I. DuPont de Nemours & Co.*, 324 F.3d 761, 765 (4th Cir. 2003) (citing *Dickson v. Microsoft Corp.*, 309 F.3d 193, 213 (4th Cir. 2002);

---

[3] "The right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated . . . ." U.S. Const. amend. IV.

*Iodice v. United States*, 289 F.3d 270, 281 (4th Cir. 2002)). Accordingly, Plaintiff's claims will be dismissed for failing to state a claim upon which relief can be granted.

The Clerk will be directed to note the disposition of the action for the purposes 28 U.S.C. § 1915(g).

An appropriate Final Order will accompany this Memorandum Opinion.

                                                              /s/
                                  Henry E. Hudson
                                  United States District Judge

Date: Sept. 16, 2011
Richmond, Virginia